Filed 3/11/14  P. v. O'Shea CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049044 |
| v. | (Super. Ct. No. R00870) |
| ANGELA DAWN O'SHEA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art VI, § 21.)  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Angela O'Shea was originally convicted of theft and sentenced to two years in state prison.  On August 22, 2012, she was released on community supervision, her supervision was due to expire on August 21, 2015.

On September 20, 2012, a petition for an arrest warrant was filed by her probation officer, stating:  "Upon the offender's release, she reported residing in Anaheim, CA.  However, within approximately one week, she moved without notifying the undersigned.  During an office visit on 8/29/2012, the offender admitted to using cocaine 'over the weekend.'  In addition, she was reported staying from 'motel to motel.'  As a result of the offender's unstable residence and recent drug use, she was directed to report to the Health Care Agency (HCA) to enroll in residential drug treatment.  However, according to HCA, the offender failed to report.  In addition, on September 17, 2012, the offender failed to report and test as directed.  Therefore, on September 18, 2012, a home verification was completed at the offender's last known address (the Shadow Park Inn motel) [by] the Garden Grove Police Department.  However, the offender no longer resides at the motel.  Therefore, her whereabouts are unknown."

Defendant was booked into the Orange County jail on March 7, 2013.  On March 12, 2013, the probation department filed a petition for revocation of community supervision, stating defendant was then in custody in jail, and that she violated the terms and conditions of her probation by absconding from supervision after a probation visit on September 10, 2012.  On March 13, 2013, during a hearing, defendant admitted she violated her postrelease community supervision.  She was ordered to spend 148 days in jail, but was given credit for time served.

A loss prevention agent witnessed defendant enter a Kohl's department store in Huntington Beach on March 26, 2013 carrying a large gray shoulder bad.  The agent reported defendant selected clothing and went to the dressing room, and exited a few minutes later without any clothing.  A check of the dressing room revealed there was no clothing there either.  The agent asked to speak with defendant, and she dropped the

2

shoulder bag and fled.  A search of the bag revealed 11 items of clothing valued at $363, as well as defendant's name and personal information.

On June 13, 2013, defendant was arrested by the Huntington Beach Police Department.  Once again, the probation department filed a petition for revocation of community supervision on June 24, 2013, stating defendant failed to report to her supervising agency when she was last released from jail.  She was arraigned on the petition for revocation of community supervision on June 26, 2013.  On September 20, 2013, the court found defendant in violation of her postrelease community supervision, sentenced her to 180 days in jail with credit for time served and revoked and immediately reinstated her postrelease community supervision.

We appointed counsel to represent defendant on appeal.  Counsel filed a brief which set forth the facts of the case.  Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf.  Defendant was given 30 days to file written argument in defendant's own behalf.  That period has passed, and we have received no communication from defendant.

We have examined the record and found no arguable issue.  (*People v. Wende* (1979) 25 Cal.3d 436; Pen. Code § 3455.)

The order of the superior court is affirmed.


MOORE, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


THOMPSON, J.


3